### Conclusion

We affirm the ruling of the district court.

Antoinette **CHAPLAND, Isabel Boyle, individually and as representatives of the class of similarly situated individuals, namely those registered voters who were denied their right to vote in the primary election on September 10, 1996 due to the failure of the Board of Elections to properly provide and make accessible the balloting machines and registration books during the course of the primary day the 51st assembly District in the County of Kings; and John K. O'Hara, candidate for public office of Member of the New York State Assembly in the 51st Assembly District in the County of Kings, Plaintiff–Appellant–Cross–Appellee,**

v.

**NEW YORK CITY BOARD OF ELECTIONS and Tanya Ruiz, candidates for the public office of Member of the New York State Assembly in the 51st Assembly District in the County of Kings, Defendants–Appellees,**

**Felix W. Ortiz, Defendant–Appellee–Cross–Appellant.**

Nos. 96–9286L, 96–9288XAP.

United States Court of Appeals,
Second Circuit.

Oct. 9, 1996.

John W. Carroll, New York City, for Felix Ortiz.

Robert S. Myers, New York City, for Appellees.

Present: OAKES, ALTIMARI, MAHONEY, Circuit Judges.

PER CURIAM:

This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was taken on submission.

**ON CONSIDERATION WHEREOF, IT IS ORDERED, ADJUDGED AND DECREED** that the order of the district court be and it hereby is **REVERSED.**

On October 1, 1996, the United States District Court for the Eastern District of New York entered an order that granted a preliminary injunction directing the continuation of the September 10, 1996 Democratic primary election for certain offices in Kings County in a number of specified election districts. The order of the district court is reversed. No continuation of the primary election shall be held on October 10, 1996. The mandate shall issue forthwith. An opinion in the related case *Gold v. Feinberg,* Nos. 96–9274, 96–9284, articulating the rationale for this decision will follow.

**Kenneth EVANS, Edward J. Lewis, James T. Conolly, Joan Gill, and Richard Taylor, Plaintiffs,**

**Nu'Man Sabree, Reginald H. Bowman, Andre Soleil, and Glenn Allen, Plaintiffs–Appellants–Cross–Appellees,**

v.

**BOARD OF ELECTIONS OF the CITY OF NEW YORK, Howard Babbush, Senator, John Sampson, Rhonda Jacobs, Assemb., Al Vann, Defendants,**

**Ada L. Smith, Sen., Velmanette Montgomery, Sen. William Boyland, and Clarence Norman, Defendants–Appellees–Cross–Appellants.**

Nos. 96–9296L, 96–9298XAP.

United States Court of Appeals,
Second Circuit.

Oct. 9, 1996.

Michael Freeman, New York City, for Ada Smith and Clarence Norman.

Michael Toler, South Ozone Park, NY, for Reginald H. Bowman, Andre Soleil, and Glenn Allen.

Present: OAKES, ALTIMARI, MAHONEY, Circuit Judges.

PER CURIAM:

This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was taken on submission.

**ON CONSIDERATION WHEREOF, IT IS ORDERED, ADJUDGED AND DE-CREED** that the order of the district court be and it hereby is **REVERSED.**

On October 1, 1996, the United States District Court for the Eastern District of New York entered an order that granted a preliminary injunction directing the continuation of the September 10, 1996 Democratic primary election for certain offices in Kings County in a number of specified election districts. The order of the district court is reversed. No continuation of the primary election shall be held on October 10, 1996. The mandate shall issue forthwith. An opinion in the related case *Gold v. Feinberg,* Nos. 96–9274, 96–9284, articulating the rationale for this decision will follow.

**STERLING NATIONAL MORTGAGE CO., INC., A Corporation of the State of New Jersey, Appellant,**

v.

**MORTGAGE CORNER, INC., A Corporation of the State of Connecticut; Centerbank Mortgage Company, A Corporation of the State of Connecticut.**

No. 96–5007.

United States Court of Appeals, Third Circuit.

Argued June 6, 1996.

Decided Oct. 1, 1996.